# EXHIBIT A

MORGAN STANLEY SMITH BARNEY FA NOTES HOLDINGS LLC       PROMISSORY NOTE

$484,800.00           _SAN FRANCISCO, CALIF_           May 25, 2012
(AMOUNT)              (CITY AND STATE)                 (DATE)

    Subject to deposit, the undersigned ("Borrower") hereby affirms and acknowledges his/her indebtedness to Morgan Stanley Smith Barney FA Notes Holdings LLC ("Notes Holdings"), at (branch address) _101 CALIFORNIA ST, SF_, or any subsequent holder of this Promissory Note (the "Note Holder") for the entire amount indicated above, plus accrued interest. The loan proceeds shall be deposited into Borrower's employee account with Morgan Stanley Smith Barney LLC.

    In connection with the aforementioned, the Borrower promises to pay to the Note Holder the principal sum of four hundred eighty four thousand eight hundred dollars ($484,800.00) with interest on any unpaid balance thereof at the rate of 1.50% per annum ("Interest Rate") (which is equal to or exceeds the applicable Federal Rate) on the balance remaining from time to time unpaid. The interest rate on this loan is determined as of the date of execution of this Note and shall remain fixed for the duration of the loan. Payments of principal and interest shall be due and payable in the amounts and on the dates provided for hereafter. Accrued interest shall be due and payable at the same time that principal installments are due and payable. Payment of principal shall be made as follows on the following "Payment Dates":

$53,866.67 on May 25, 2013
$53,866.67 on May 25, 2014
$53,866.67 on May 25, 2015
$53,866.67 on May 25, 2016
$53,866.67 on May 25, 2017
$53,866.67 on May 25, 2018
$53,866.67 on May 25, 2019
$53,866.67 on May 25, 2020
$53,866.67 on May 25, 2021

    By signing this Note, Borrower expressly agrees, authorizes and directs Notes Holdings, or any of its affiliates, subsidiaries, successors, designees or assigns, including but not limited to Morgan Stanley Smith Barney LLC ("MSSB") (collectively, the "Authorized Parties"), to deduct on each Payment Date the annual installment payment from any securities account that Borrower maintains with the Authorized Parties, either individually or jointly with another person, and to deliver such deduction to the Note Holder with a direction to apply it to the outstanding amount then owed under this Note. If the deduction from the securities account of the Borrower is not sufficient, then the Borrower shall pay the outstanding amount by check. Should full payment by the Borrower not be made by such deduction and/or check within ten (10) business days

following the applicable Payment Date, Borrower expressly agrees, authorizes and directs the Authorized Parties to deduct such payment from any Compensation (as defined below) owed to Borrower from the Authorized Parties, and to deliver such deduction to the Note Holder with a direction to apply it to the indebtedness hereunder. Payments received by the Note Holder shall be applied first to any accrued and unpaid interest due on this Note and then to the unpaid principal. For purposes of this Note, the term "Compensation" shall mean all bonuses, commissions, incentive compensation, and any other remuneration paid to Borrower by an Authorized Party, but shall not include Borrower's salary for services actually rendered. Notwithstanding any authority to recover against Borrower contained in this Note, there shall be no authority to accelerate the payment or settlement of any Compensation that constitutes a deferral of compensation for purposes of Section 409A of the Internal Revenue Code of 1986, as amended ("Section 409A"), except to the extent that such acceleration would not cause Borrower to recognize income for United States federal income tax purposes prior to the time of payment or settlement of the compensation or to incur interest or additional tax under Section 409A.

　　　The Note Holder is not limited to recovering any amounts due and payable under this Note (including interest) from any securities account that Borrower maintains with the Authorized Parties or Compensation payable to Borrower from the Authorized Parties and can recover all such amounts loaned to Borrower, plus interest, as full recourse obligations of Borrower. As a result, Borrower shall be personally liable for payment of this Note, and any and all assets of Borrower, wherever located throughout the world, may be applied to the satisfaction of Borrower's obligations hereunder.

　　　All amounts outstanding under the Note shall automatically be, and become, immediately due and payable, without notice or demand, (i) if the Borrower's employment with an Authorized Party terminates voluntarily or involuntarily for any reason or no reason whatsoever, including by reason of death, total or permanent disability, or retirement, (ii) if the Borrower fails to maintain all licenses and registrations from the Financial Industry Regulatory Authority, and such other exchanges, state securities commissions and other regulatory bodies as the Authorized Parties shall determine are necessary for Borrower to possess in order to conduct securities or commodities transactions, (iii) if the Borrower fails to fully pay the principal and interest due for any Payment Date within seventy-five (75) days following any such Payment Date, or (iv) upon the filing of a voluntary or involuntary petition by or against the Borrower under any provision of any Federal or State bankruptcy or similar laws, any assignment by Borrower for the benefit of creditors, the entry of judgment or issuance of an order of attachment or garnishment against the Borrower, or the commencement of any proceedings or procedure for enforcement of a money judgment against the Borrower. Each of the items designated (i) through (iv) are hereinafter referred to as "Acceleration Events." Upon the happening of any of the Acceleration Events, the Borrower shall be deemed to be in Default on the Note and any outstanding balance due on this Note will become immediately due and payable, together with interest accruing from the date of Default, at the Interest Rate plus 4% per annum. In the event of Default, an Authorized Party may report information about your account to credit bureaus. The Borrower hereby waives presentment, demand for payment, protest or notice of any kind in connection with this Note.

The Borrower may prepay, without premium or penalty, all or any portion of the aggregate principal amount of the obligations due hereunder. Any such prepayment shall include all accrued and unpaid interest on the principal sum being repaid and shall be applied in chronologically inverse order of amortization.

Borrower understands and agrees that no portion of the proceeds of any loan offered pursuant to MSSB's Portfolio Loan Account ("PLA") program or any similar program offered by any of the Authorized Parties may be used to repay any amounts due and payable under this Note.

Borrower understands, agrees and directs the Authorized Parties that in the event the Borrower defaults in any payment or a portion of any payment due hereunder, the Authorized Parties shall have the right, as agents of the Note Holder, without notice, and to the maximum extent permitted by applicable law, to take steps necessary or appropriate to enforce and/or ensure compliance with any of the terms or conditions of the Note, including, but not limited to, bringing legal action as contemplated hereunder to recover all amounts outstanding hereunder and/or withholding from any and all Compensation, securities, property of the Borrower or such other amounts due or held in an account for the undersigned at MSSB or any of its respective affiliates (or successors), an amount equal to all amounts outstanding hereunder and to deliver such withheld amounts to the Note Holder with a direction to apply such amounts to the indebtedness hereunder.

Borrower hereby agrees to indemnify and hold harmless (to the fullest extent permitted by applicable law), and to reimburse, the Note Holder and any Authorized Party and their respective affiliates, subsidiaries, officers, directors, employees, agents, controlling persons, successors, designees, and assigns from and against any and all liabilities, losses, taxes, damages, costs and expenses of any liabilities, losses, damages, costs, expenses (including attorneys' fees), actions, suits, judgments or investigative or administrative proceedings ("Liabilities"), other than Liabilities arising as a result of the Note Holder's or Authorized Party's gross negligence or willful misconduct, that may be suffered or incurred by any such indemnified person in connection with this Note and the exercise of any rights, remedies or privileges hereunder, including, but not limited to, as a result of a breach of the Note and efforts to force repayment of the Note.

The provisions of this Note shall be severable and, if any provisions hereof shall be determined to be legally unenforceable or void, such unenforceable or void provisions of this Note shall not affect the legality, validity or enforceability of the remaining provisions hereof. No previous waiver and no failure or delay by the Note Holder or Authorized Party in acting with respect to the terms of this Note shall constitute a waiver of any breach, default or failure of condition under this Note. A waiver of any term of this Note or any of the obligations secured thereby must be made in writing by a duly-authorized officer of the Note Holder and shall be limited to the express terms of such waiver. Borrower agrees to make all payments under this Note without set-off or deduction and regardless of any counterclaim or defense.

This Note is not a contract of employment for any period of time. Borrower's employment with MSSB, the Authorized Party or any of its affiliates or related entities, as applicable, is on an at-will basis and

nothing herein shall be construed as a contract of employment for a definite term and Borrower's employment can be terminated at any time for any reason or no reason.

This Note shall be binding, in the event of Borrower's death, on Borrower's estate, including, but not limited to, Borrower's personal representatives, heirs, legatees, and executors. This Note shall inure to the benefit of the Note Holder. Note Holder retains the right to assign its rights, title and interest in this Note as it may elect. Borrower expressly consents to any such, or any subsequent, assignment by Note Holder or any successor to Note Holder. Borrower may not assign or transfer this Note or any of Borrower's obligations hereunder.

It is the intention of the Note Holder to conform strictly to all applicable usury laws now or hereafter in force, and any interest payable under this Note shall be subject to reduction to the maximum legal amount allowed under the applicable usury laws as now or hereafter construed by the courts having jurisdiction over such matters. If the maturity of this Note is accelerated as described above, or otherwise, then earned interest may never include more than the maximum amount permitted by law, computed from the date hereof until payment, and any interest in excess of the maximum amount permitted by law shall be canceled automatically and, if theretofore paid, shall at the option of the Note Holder either be rebated to Borrower or credited on the principal amount of this Note, or if this Note has been paid, then the excess shall be rebated to Borrower. The aggregate of all interest (whether designated as interest) contracted for, chargeable, or receivable under this Note shall under no circumstances exceed the maximum legal rate upon the unpaid principal balance of this Note remaining unpaid from time to time. If such interest does exceed the maximum legal rate, it shall be deemed a mistake and such excess shall be canceled automatically and, if theretofore paid, rebated to Borrower or credited on the principal amount of this Note, or if this Note has been repaid, then such excess shall be rebated to Borrower.

All notices, requests, demands and other communications to be given to the Borrower pursuant to this Note shall be in writing and shall be deemed to have been duly given if delivered by hand or overnight courier or mailed by registered or certified mail, return receipt requested, postage prepaid addressed to the Borrower's last known address or such other address as the Borrower shall have designated by notice in writing to the Note Holder, or any successor thereto, in accordance with this paragraph. All notices, requests, demands and other communications to be given to the Note Holder pursuant to this Note shall be in writing and shall be deemed to have been duly given if delivered by hand or overnight courier or mailed by registered or certified mail, return receipt requested, postage prepaid addressed to the address set forth in the corporate records or such other address as the Note Holder shall have designated by notice in writing to Borrower in accordance with this paragraph.

Any controversy or claim arising out of or relating to this Note shall be settled by arbitration in accordance with the rules of the Financial Industry Regulatory Authority ("FINRA") and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Borrower expressly acknowledges and agrees that Note Holder or any Authorized Party or their respective affiliates, subsidiaries, successors, designees, and assigns, including, but not limited to MSSB, may commence FINRA

arbitration proceedings as contemplated hereunder to enforce the terms and conditions of this Note, and expressly waives any right to assert in opposition to any claim by Note Holder or any Authorized Party that said claimant(s) lack standing to commence FINRA arbitration proceedings. Borrower expressly waives Borrower's right to assert in opposition to any claim by Note Holder and any Authorized Party and their respective affiliates, subsidiaries, successors, designees, and assigns on this Note, any condition, excuse, defense, counterclaim, or right of offset, except for proof of payment by Borrower, which does not include Borrower's generation of fees for Borrower's employer. Borrower expressly agrees that, except for proof of payment, any such assertion shall only be made by Borrower in a separate arbitration proceeding. Also, in the event of default in payment under the terms of this Note, Borrower expressly authorizes the filing with, and entry by, FINRA of a stipulated arbitration award against Borrower for the full amount due and owing to Note Holder and any Authorized Party and their respective affiliates, subsidiaries, successors, designees, and assigns at such time. In connection with such filing and entry, Borrower agrees to timely execute all necessary FINRA-related documentation, including submission agreement and stipulated arbitration award.

No modification of this Note shall be binding or enforceable unless in a writing signed by the Note Holder, or any Authorized Party and their respective affiliates, subsidiaries, successors, designees, and assigns thereto, and Borrower. Notwithstanding the foregoing, the Note Holder retains the right to make modifications to this Note that it deems advisable, in its sole discretion, to allow it, its parents, and/or its affiliates to comply with or satisfy any applicable legal, regulatory, or governmental requirements or to qualify for any government loan, subsidy, or other programs.

This Note contains the entire agreement and understanding of the parties with respect to the loan evidenced by this Note, and this Note supersedes all prior communications, representations and negotiations with respect thereto. In the event of any inconsistencies between the terms of this Note and the terms of any other document related to the loan evidenced by the Note, the terms of this Note shall control.

By executing this Note, Borrower expressly acknowledges and agrees that this Note does not constitute a bonus or any other form of compensation, and if Borrower voluntarily terminates Borrower's employment with the Authorized Party or is terminated by the Authorized Party for any reason or no reason, or if one of the other circumstances described in the Note occurs, all outstanding principal and accrued interest under the Note will become immediately due and payable to the Note Holder.

BORROWER

_____    _5/25/12_____
Signature - Joseph Sanchis                Date