# EXHIBIT B



Financial Industry Regulatory Authority

TO: Joseph J. Sanchis
Timothy N. Will, Esq.

CC:

From: Michele D. Collins
Case Administrator

Subject: FINRA Dispute Resolution Arbitration Number 13-02817
Morgan Stanley Smith Barney, LLC and Morgan Stanley Smith Barney FA Notes Holdings, LLC vs. Joseph Sanchis

Date: May 7, 2014

Enclosed please find the decision reached by the arbitrator(s) in the above-referenced matter.

### Responsibility to Pay Monetary Award

FINRA rules provide that all monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;
- If the award is the subject of a motion to vacate which is denied; or
- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

### Expedited Suspension Proceedings for Non-Payment of Awards

Article VI, Section 3 of the FINRA By-Laws and FINRA Rule 9554 permit FINRA to suspend or cancel the registration of any firm or associated person that fails to comply with a FINRA arbitration award.

Firms are required to notify FINRA in writing within 30 days of receipt of an award that they or their associated persons have paid or otherwise complied with the award, or to identify a valid basis for non-payment. We also request that prevailing claimants notify us in writing when their awards have not been paid within 30 days of receipt of the award.

Written notification concerning award compliance or lack thereof should be directed to:

Investor protection. Market integrity.   Dispute Resolution   300 South Grand Avenue   t 213 613 2680
West Regional Office   Suite 900   f 213 613 2677
Los Angeles, CA   www.finra.org
90071-3135

David Carey
FINRA Dispute Resolution
One Liberty Plaza, 165 Broadway, 52nd Floor
New York, NY 10006
212-858-4333 (tel) | 301-527-4706 (fax) | david.carey@finra.org (email)

### Right to File Motion to Vacate Award

FINRA rules provide that, unless the applicable law directs otherwise, all awards rendered are final and are not subject to review or appeal. Accordingly, FINRA has no authority to vacate this award. Any party wishing to challenge the award must make a motion to vacate the award in a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. If you are not represented by counsel and wish to challenge the award, we urge you to seek legal advice regarding any rights or remedies available to you.

### Forum Fees

You will receive under separate cover an invoice that reflects the fees assessed and any outstanding balance or refund due. Fees are due and payable to FINRA upon receipt of the invoice and should be sent to the address specified on the invoice. Any applicable refunds will also be sent under separate cover approximately 45 days after the case closes. All questions regarding payment of fees and refunds should be directed to FINRA Finance at (240) 386-5910.

### Arbitrator Evaluation

FINRA encourages parties to complete Arbitrator Evaluation Forms at the conclusion of every case. We will utilize your comments in our ongoing efforts to evaluate and improve the services our forum provides. You can complete the Arbitrator Evaluation Form on our website at www.finra.org/arbevaluation.

### Party Submissions to Arbitrators After a Case Closes

FINRA rules provide that parties may not submit documents to arbitrators in cases that have been closed except under the following limited circumstances: 1) as ordered by a court; 2) at the request of any party within 10 days of service of an award, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award; or 3) if all parties agree and submit documents within 10 days of service of an award. Any documents, if submitted, must be sent through FINRA.

### Questions Concerning Award

If you have any questions, please do not hesitate to contact me at 213-613-2680 or by email at Michele.Collins@finra.org. Parties should not directly contact arbitrators under any circumstances.

MIC:gf1:LC09A
idr: 03/24/2014

RECIPIENTS:
    Joseph J. Sanchis, 703 Hiller Street, Belmont, CA 94002
      On Behalf Of: Joseph J. Sanchis

    Timothy N. Will, Esq., Albert & Will, LLP, 2601 Airport Drive, Suite 345, Torrance, CA 90505
      On Behalf Of: Morgan Stanley; Morgan Stanley Smith Barney FA Note Hold

# Award
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

<u>Claimants</u>
Morgan Stanley Smith Barney LLC
Morgan Stanley Smith Barney FA Notes Holdings, LLC

Case Number: 13-02817

vs.

<u>Respondent</u>
Joseph Jared Sanchis

<u>Hearing Site</u>: San Francisco, California

Nature of the Dispute:  Member and Non-Member vs. Associated Person

## REPRESENTATION OF PARTIES

Claimants Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings, LLC, hereinafter collectively referred to as "Claimants": Timothy N. Will, Esq., Albert & Will, LLP, Torrance, California

Respondent Joseph Jared Sanchis, hereinafter referred to as "Respondent," did not enter an appearance in this matter.

## CASE INFORMATION

Statement of Claim filed on or about: September 25, 2013

Claimants signed Submission Agreements: August 22, 2013

## CASE SUMMARY

Claimants asserted that Respondent breached the terms of the Promissory Note Respondent executed on May 25, 2012. Claimants alleged the Promissory Note became due and payable upon the termination of Respondent's employment with Claimants.

## RELIEF REQUESTED

In the Statement of Claim, Claimants requested:
1. The principal balance due and owing under the Promissory Note in the amount of $484,800.00;
2. Interest at the rate of prime plus 1.5% per annum on the balance due and owing on the Promissory Note;

FINRA Dispute Resolution
Arbitration No. 13-02817
Award Page 2 of 3

3. Costs;
4. Attorneys' fees; and
5. Such other and further relief as deemed appropriate by the Arbitrator.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrator acknowledges that he has read the pleadings and other materials filed by the parties.

Respondent did not file a Statement of Answer. Accordingly, this matter proceeded pursuant to Rule 13806 of the Code of Arbitration Procedure. The Arbitrator determined that Respondent was served with the Statement of Claim, Notification of the Arbitrator and an Overdue Notice by certified mail, and is therefore bound by the Arbitrator's ruling and determination.

## AWARD

The Arbitrator has decided and determined in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Claimants compensatory damages in the amount of $484,800.00, plus interest in the amount of $24,033.45, for a total amount due of $508,833.45.

2. Claimants' request for attorneys' fees is denied.

3. Any and all relief not specifically addressed herein is denied.

## FEES

Claimant Morgan Stanley Smith Barney LLC has paid to FINRA Dispute Resolution the $1,700.00 Member Surcharge and the $750.00 Prehearing Process Fee previously invoiced.

FINRA Dispute Resolution shall retain the $1,000.00 non-refundable portion of the filing fee that Claimant Morgan Stanley Smith Barney LLC deposited previously.

The Arbitrator has assessed the paper decision fee in the sum of $300.00 to Respondent.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 13-02817
Award Page 3 of 3

## ARBITRATOR

Herb Schwartz         -         Sole Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

### Arbitrator's Signature

_[signature]_                             5/7/14

Herb Schwartz                             Signature Date
Sole Public Arbitrator

May 7, 2014
Date of Service (For FINRA Dispute Resolution office use only)